[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR DEFICIENCYJUDGMENT
The plaintiffs obtained a judgment of strict foreclosure in this case on March 28, 1995. The court found the value of the property, which is located in a commercial and industrial area on Saybrook Street in Hartford, to be $295,000. That value was disputed by the defendants. The resolution of that dispute was reserved for the hearing on the deficiency judgment. Title vested in the plaintiffs on July 2, 1995.
The principal evidence presented in this case consisted of the testimony of two appraiser, Peter Marsele for the plaintiffs and Norman Benedict for the defendants. As so often happens, each gave vastly different opinions as to the value of the property on July 2, 1995. Marsele indicated a value of $276,000 and Benedict a value of $624,000.
It is undisputed that the property which has been used as a junk yard for many years abuts a highly successful commercial area where the land values are high. The land in question, however, has not participated in this rise in value, but, in fact, has depreciated since 1991 when the defendants purchased it from the plaintiffs for $750,000. Mr. Benedict places the depreciation at 25%.
Also pertinent to the issue of value is the fact that the property has a junk yard license of undetermined value. The City of Hartford also has of record three lots which it ostensibly owns within the parcel foreclosed. CT Page 9220
The court has attempted to assimilate this evidence with the testimony and exhibits of the appraisers in order to arrive at what it believes is the true fair market value on July 2, 1995. The court has also viewed the property.
Having considered all of the above factors, the court believes that each appraiser's testimony is wide of the mark and that the actual fair market value is five hundred thousand dollars. Eichman v. J J Building Co., 216 Conn. 443, 451
(1990). New Haven Savings Bank v. West Haven SoundDevelopment, 190 Conn. 60, 70 (1983).
By agreement, the plaintiffs are awarded $5,000 attorneys' fees and a $400 appraisal fee.
A deficiency judgment may enter in accordance with that proposed by the plaintiffs' attorney subject to review by the clerk's office for accuracy.
Freed, J.